## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:17-cr-150** |
| | : | |
| **v.** | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| **ALI JAMA,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

This matter is before the Court on Defendant Jama's Motion for Early Termination of Supervised Release. (ECF No. 56). Defendant was sentenced in February 2019 to 18 months' incarceration for making false statements relating to health care matters and for aiding or assisting in making a false statement to the Internal Revenue Service, to which he pleaded guilty. (ECF No. 41). Defendant began a 3-year term of supervised release in June 2020. Having completed 2 years, Defendant now moves for early termination. The Government does not oppose.

United States Code Title 18, Section 3583(e)(1) permits early termination of supervised release "after the expiration of one year of supervised release . . . if [the Court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Factors to be considered in granting early termination include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education or vocational training, medical care, or other correctional treatment"; (5) "the kinds of sentence and sentencing range established for . . . the applicable category of offense committed by the applicable category of

1

defendant"; (6) "any pertinent policy statement . . . issued by the United States Sentencing Commission"; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

Here, Defendant has served enough of his supervised release period to make him eligible for early termination under Section 3583(e)(1). The Court is satisfied that Defendant's conduct and the interests of justice warrant that early termination. Defendant's Motion notes he has complied with the conditions of his supervised release, has made (and intends to continue making) his restitution payments, is gainfully employed, and has completed two-thirds of his term without incident. (ECF No. 56). Defendant's supervised release conditions have been relaxed several times, each without adverse effects: the Probation Officer reduced Defendant's reporting from in-person to telephonic (*Id.*), and this Court granted leave for international travel. (ECF Nos. 49, 52, 55). Assessing the factors in Section 3553(a), the Court concludes that early termination of supervised release will not undermine the objectives of Defendant's sentence, nor will it disserve any policy interests. On the contrary, given Defendant's successful reentry, further supervision appears unnecessary.

Accordingly, Defendant's Motion (ECF No. 56) is **GRANTED**, and his supervised release is terminated effective immediately. All financial obligations, including restitution payments, will remain in place.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

DATED: July 26, 2022

2